UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 21-cv-23797-PCH

VERBENA PRODUCTS LLC d/b/a
BEAUTYVICE, a Florida limited liability
company,

       Plaintiff,

v.

BESWEET CREATIONS INC. d/b/a
SUGARBEARHAIR, a Delaware corporation,
and
NICOLE JOHNSON, individually

       Defendants.

_____/

## BESWEET CREATIONS, INC'S, ANSWER AND AFFIRMATIVE DEFENSES TO THE SECOND AMENDED COMPLAINT, AND COUNTERCLAIMS AGAINST VERBENA PRODUCTS, LLC

<u>**BESWEET CREATIONS, INC'S, ANSWER AND AFFIRMATIVE**</u>
<u>**DEFENSES TO THE SECOND AMENDED COMPLAINT**</u>

The Defendant, BeSweet Creations Inc. d/b/a Sugarbearhair ("Sugar Bear"), hereby files its Answer and Affirmative Defenses to Verbena's Second Amended Complaint [DE 26], and states:

## NATURE OF THE ACTION

1.     Admitted for jurisdictional purposes only but denied as to all allegations of wrongdoing or that Verbena is entitled to any relief.

## PARTIES

2.     Admitted.

3.     Admitted.

4.     Admitted that Ms. Johnson is a resident of Florida and is the owner of Sugar Bear.  The remaining allegations are denied.

## JURISDICTION AND VENUE

5.     Admitted the Court has original subject matter jurisdiction pursuant to statutes arising under federal law as well as supplemental jurisdiction over state claims for jurisdictional purposes only, but denied that Verbena is entitled to any relief.  Denied that the Court has diversity jurisdiction, as all parties have citizenship in Florida.

6.     Admitted for venue purposes only, otherwise denied that Plaintiff is entitled to any relief.

## GENERAL ALLEGATIONS

7.      Admitted that Verbena has listed cosmetic and beauty care products for sale through Amazon using the Verbena Products dba beautyvice handle.  Sugar Bear is without sufficient information to either admit or deny the remainder of the allegations.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Admitted that Amazon utilizes some sort of internal algorithm which weighs multiple factors when displaying and/or prioritizing third-party seller listings.  Denied to the extent any of the listed factors are weighed more heavily than others.  Sugar Bear is without sufficient information to either admit or deny allegations concerning Amazon's internal business practices, so the remaining allegations are denied.

13.     Denied that Amazon penalizes or rewards third-party sellers.  Sugar Bear is without sufficient information to either admit or deny allegations concerning Amazon's internal business practices, so the remaining allegations are denied.

14.     Denied that Verbena has an impeccable complaint history.  Denied that Verbena has positive internal performance metrics.  Denied that Verbena would

ever enjoy "Buy Box" prominence of Sugar Bear brand products. Sugar Bear is without sufficient information to either admit or deny allegations concerning Amazon's internal business practices, so the remaining allegations are denied.

15.     Denied.

16.     Denied.

17.     Denied that Verbena's account being flagged, stricken, or suspended as an intellectual property offender could be attributable to the actions of either Ms. Johnson or Sugar Bear.  The remaining allegations are also denied.

18.     Admitted that the Accused Listing identified as B07N48MTTH was purportedly for the sale of Sugarbearhair Sleep, Vegan Gummy Vitamins.  Denied the Accused Listing identified as B07FB7ZLGY was purportedly for the sale of Sugarbearhair Hair Vitamins.  Denied that Verbena only sold or sells genuine products through its Amazon marketplace listings.  Denied that either of the Accused Listings were for genuine products.

19.     Admitted.

20.     Denied.

21.     Denied.

22.     Admitted.

23.     Denied that Sugar Bear sold all of the products listed by Verbena as being Sugar Bear products.  Denied that Verbena lawfully purchased Sugar Bear's

products.   Denied that Verbena lawfully resold products under the first sale doctrine.   All remaining allegations are denied.

24.   Admitted.

25.   Denied that Ms. Johnson reported the Accused Listings.   Admitted that Sugar Bear identified and reported Verbena's listings as counterfeit.   Denied that Verbena's products were authentic Sugar Bear products.   All remaining allegations are also denied.

26.   Admitted only as to the stated content of the Amazon notices.   Any remaining allegations are denied.

27.   Denied that Verbena is or has been informed regarding Ms. Johnson. The remaining allegations are also denied.

28.   Denied that Verbena is or has been informed regarding Ms. Johnson. Denied that Ms. Johnson participated in any alleged wrongful acts.   The remaining allegations are also denied.

29.   Denied that Verbena is or has been informed regarding Ms. Johnson. Denied that Ms. Johnson participated in any alleged wrongful acts.   The remaining allegations are also denied.

30.   Denied that Ms. Johnson participated in any alleged wrongful acts. Denied that Ms. Johnson is personally liable.   The remaining allegations are also denied.

31.     Denied that Ms. Johnson submitted the takedown notices to Amazon. Denied that the allegations of infringement were false.  The remaining allegations are also denied.

32.     Denied that Ms. Johnson submitted the takedown notices to Amazon. Denied as to any implication that notices submitted to Amazon were inaccurate. The remaining allegations are also denied.

33.     Denied that Ms. Johnson submitted the takedown notices to Amazon. Denied that Defendants did not have a good faith belief that the products offered by Verbena infringed Sugar Bear's trademark or were counterfeit.  Denied that the notices contained false statements or misrepresentations concerning infringement. The remaining allegations are also denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Admitted only as to the stated content of the Amazon notices.  Any remaining allegations are denied.

38.     Admitted.

39.     Denied.

40.     Denied that any alleged harm to Verbena's business or reputation is attributable to the Defendants' actions.  The remaining allegations are also denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK

45.     Sugar Bear repeats and realleges the responses to paragraphs 1-44 of the Complaint as set forth above.

46.     Denied that Ms. Johnson has asserted any claims against Verbena. Admitted that Sugar Bear has asserted claims for infringing on Sugar Bear's trademark rights.

47.     Denied that Verbena has never infringed on Sugar Bear's trademarks. The remaining allegations are also denied.

48.     Denied that Ms. Johnson requested removal of Verbena's products. Admitted that Sugar Bear reported the products associated with the Accused Listings as infringing.  The remaining allegations are also denied.

49.     Denied.

50.     Admitted that Sugar Bear will continue to lawfully take actions to protect its trademark rights.  The remaining allegations are denied.

51.     Denied that Verbena is unable to sell Sugar Bear branded products. Denied that any of the Defendants' actions resulted in Verbena's inability to sell products on Amazon or harm to Verbena.  The remaining of the allegations are also denied.

52.     Denied that Ms. Johnson has asserted any claims against Verbena. Denied that there is a definite or concrete dispute as to the legal relations of the parties to this action.

53.     Denied.

54.     Denied that Verbena is entitled to any requested relief.

WHEREFORE, Sugar Bear denies that Verbena is entitled to judgment or any other relief requested in the Second Amended Complaint.  Sugar Bear respectfully requests this Court enter judgment against Verbena.

## COUNT II
## FALSE OR MISLEADING REPRESENTATION, UNFAIR COMPETITION, AND PRODUCT DISPARAGEMENT PURSUANT TO 15 U.S.C. § 1125

55.     Sugar Bear repeats and realleges the responses to paragraphs 1-44 of the Complaint as set forth above.

56.     Denied.

57.     Admitted.

58.     Denied.

59.     Admitted.

60.    Admitted.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.

WHEREFORE, Sugar Bear denies that Verbena is entitled to judgment or any other relief requested in the Second Amended Complaint.  Sugar Bear respectfully requests this Court enter judgment against Verbena.

## COUNT III
## DEFAMATION

76.     Sugar Bear repeats and realleges the responses to paragraphs 1-44 of the Complaint as set forth above.

77.     Denied that Ms. Johnson submitted a takedown notice to Amazon. Denied that either Ms. Johnson or Sugar Bear published false statements about Verbena.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied that Ms. Johnson made a publication to a third party.  Denied that either Ms. Johnson or Sugar Bear made a publication to a third party with a false statement about Verbena.  The remaining allegations are also denied.

WHEREFORE, Sugar Bear denies that Verbena is entitled to judgment or any other relief requested in the Second Amended Complaint.  Sugar Bear respectfully requests this Court enter judgment against Verbena.

## DEMAND FOR RELIEF

Sugar Bear denies that Verbena is entitled to judgment or any of the relief it requested in the Second Amended Complaint in this action.  Sugar Bear respectfully

requests this Court enter judgment against Verbena, deny the various relief sought in this action, and enter judgment in favor of Ms. Johnson and Sugar Bear.

## DEMAND FOR JURY TRIAL

This allegation does not require a response; Verbena has demanded a jury trial on all issues so triable.  Sugar Bear also demands trial by jury.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Failure to State or Prove a Claim – Count I

Verbena has failed to state and cannot prove a claim for a declaratory judgment of non-infringement of trademark.  Verbena is unhappy that Sugar Bear took measures to protect its trademark rights, including reporting Verbena's listings to Amazon.  But in seeking declaratory relief, Verbena is not just asking for determination of the legitimacy of past products sold or offered for sale; rather Verbena seeks a rubber-stamp authorization of the continued sale of product in the future.  Even assuming the subject listings were not counterfeit counterfeit, Verbena would not be entitled to an ongoing declaratory judgment from this Court stating it "does not infringe" upon Sugar Bear's trademark rights as it asked for.  There is no substantial controversy Verbena could establish that would warrant the issuance of a declaratory judgment.

**Second Affirmative Defense: Failure to State or Prove a Claim – Count II**

Verbena has failed to state and cannot prove a claim for false or misleading representation of fact, unfair competition, and product disparagement under 15 U.S.C. § 1125.

**Third Affirmative Defense: Truth**

Neither Sugar Bear nor any of its agents made a false, misleading, or defamatory statement. The trademarked Sugar Bear items being sold by Verbena and reported to Amazon were in fact inauthentic.

**Fourth Affirmative Defense: Statement of Opinion**

Verbena was listing inauthentic Sugar Bear branded vitamins, and the statement that the listings replicated Sugar Bear's trademark and label is true. That the counterfeit vitamins were imported from China is a statement of opinion of Sugar Bear and Ms. Johnson based on the law of probability, and therefore does not arise to a false, misleading, or defamatory statement.

**Fifth Affirmative Defense: Qualified Privilege**

The Accused Listings were reported to Amazon after Sugar Bear visually inspected products purchased through the Accused Listings shipped from Verbena and Sugar Bear reasonably determined that the subject products were inauthentic and believed them to be counterfeit. Sugar Bear and Ms. Johnson had a legal,

ethical, moral, and social obligation to notify Amazon when a third-party seller is believed to be selling counterfeit consumable products on the Amazon website.

## Sixth Affirmative Defense: Necessity

The Accused Listings were reported to Amazon as a matter of necessity. The sale unsafe, edible products poses a danger and threatened injury to any consumer who purchases the product. Sugar Bear and Ms. Johnson acted to prevent potential physical harm and peril to the public.

## Seventh Affirmative Defense: Estoppel

Verbena is equitably estopped from bringing a claim against Sugar Bear and Ms. Johnson. There is a clear manifestation of intent that Verbena intentionally endeavored to purchase product from a Sugar Bear distributor despite knowing the sale was unauthorized and would cause harm to Sugar Bear.

## Eighth Affirmative Defense: Causation

Even if Verbena can prove it was not selling counterfeit vitamins, the Accused Listings would still have inevitably been taken down. Verbena used Sugar Bear's copyrighted images in association with the Accused Listings. This constituted copyright infringement in violation of Amazon policy. Moreover, products sold on Amazon are required to match the image of the product used in the listing. The bottles sold by Verbena do not match Sugar Bear's copyrighted photos

due to the multiple material differences in the packaging, label tampering, as well as relabeling.

Because the Accused Listings violated Amazon seller policy for unauthorized use of copyrighted imagery as well as for selling products that do not match the product listing photo, Verbena's listings would ultimately have been taken down regardless of the basis reported.

### Ninth Affirmative Defense: Causation

Although the claims against Sugar Bear and Ms. Johnson are groundless and without merit, Verbena is barred from recovery because the conduct of Verbena and/or other non-parties, constituted a supervening, intervening cause of the damages, injuries and losses allegedly sustained by Verbena.  Such non-party actors include but are not limited to: (i) any entity who allegedly supplied Verbena with inauthentic product; (ii) any competitor of Verbena with higher Amazon Account Health that caused Verbena's alleged decreased visibility; and (iii) Amazon and its internal algorithm that allegedly does not inure to Verbena's benefit.

### Tenth Affirmative Defense: Assumed Risk

Verbena assumed the risk of being reported for selling counterfeit product when it allegedly purchased unauthorized vitamins from a retailer and attempted to resell those vitamins at a highly marked-down rate.  Moreover, Verbena assumed

the risk of its alleged damages associated with its Amazon's internally graded metrics when Verbena agreed to Amazon's terms and conditions.

### Eleventh Affirmative Defense: No Actual Injury

Notwithstanding Verbena's allegations to the contrary, Verbena has not suffered actual injury.

### Twelfth Affirmative Defense: Speculative Damages

Verbena's alleged damages – especially because predicated upon Amazon's unknowable algorithm and metrics – are entirely speculative, and neither Ms. Johnson nor Sugar Bear can be held so liable. Verbena has no way to demonstrate any sales differential or correlation with the actions complained of in the complaint.

### Thirteenth Affirmative Defense: Failure to Mitigate Damages

Verbena's claims are barred to the extent that Verbena failed to mitigate their damages, if any. Verbena's own allegations demonstrate avenues available to Verbena to appeal the takedown decision or to provide Amazon with proof of authenticity of the products sold in the Accused Listings.

### Fourteenth Affirmative Defense: Set-Off

To the extent that Verbena has suffered any damages, such damages should be setoff in an amount to be proven, based on, *inter alia*, Verbena's recovery from or procurement of money from the sale of the subject products.

**Fifteenth Affirmative Defense: Good Faith**

At all material times Sugar Bear and Ms. Johnson have acted in good faith.

**Sixteenth Affirmative Defense: Recoupment**

To the extent that Verbena has suffered any damages, such damages are subject to recoupment in an amount to be proven, based on, *inter alia*, Verbena's recovery from or procurement of money from the sale of the subject products.

## BESWEET CREATIONS, INC'S, COUNTERCLAIMS AGAINST VERBENA PRODUCTS, LLC

Counter-Plaintiff, BeSweet Creations Inc. d/b/a Sugarbearhair ("Sugar Bear"), by and through its undersigned counsel, brings this action against Counter-Defendant, Verbena Products, Inc., d/b/a BeautyVice ("Verbena"), for trademark infringement and trademark counterfeiting under the Federal Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. ("Lanham Act").

### Nature Of Action

1.     This suit arises from Verbena's misappropriation of Sugar Bear's protected marks and identifiers in connection with the sale of potentially hazardous imitation vitamin products.  In October of 2021, Sugar Bear became aware of Verbena's sale, distribution, and advertising of vitamin products having packaging, branding, and an appearance that was substantially identical to the packaging, branding, and an appearance used by Sugar Bear to sell its vitamin products.  Such

use of Sugar Bear's protected marks and identifiers by Verbena in connection with the sale, distribution, or advertising of imitation vitamin products is not merely likely to cause confusion, or to cause mistake, or to deceive, it is intended to cause confusion, or to cause mistake, or to deceive.  By trading upon the goodwill, fame and credibility inherent in Sugar Bear's SUGARBEARHAIR mark and other identifiers, Verbena is attempting to trick members of the public that are looking to purchase vitamin products from Sugar Bear into purchasing Verbena's imitation products which, on information and belief, have not been tested for safety or efficacy.

2.     Sugar Bear now brings this action for injunctive and other relief under the Lanham Action for trademark counterfeiting.  Sugar Bear seeks to prevent further misappropriation of its marks and identifiers by Verbena; to cause Verbena to cease and desist from further defrauding the American public; and to recover damages arising from Verbena's willful and bad faith actions and other wrongful acts.

**Parties**

3.     Sugar Bear is a Florida limited liability company having its principal place of business in Broward County, Florida.

4.       Verbena is limited liability company organized and existing under the laws of the State of Florida and maintains a principal place of business in Coral Gables, Florida.

## Jurisdiction

5.       This action arises under the Federal Trademark Act of 1946 (the "Lanham Act"), 15 US.C. §1051 et seq.  This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331, 1338(a), 1338(b), and 15 U.S.C. §1121, in that this action arises under Acts of Congress relating to trademark.

6.       This Court has personal jurisdiction over Verbena because Verbena has committed tortious acts in this District through Verbena's advertising and sale of imitation vitamin products using Sugar Bear's packaging, branding, and an appearance through a website accessible in this District, as part of a broad, long-term e-commerce business that extended its reach to consumers in this District and shipped products to consumers in this District; because Verbena has purposefully directed its course of conduct and other infringing acts toward, and has injured, Sugar Bear, which is an entity having its principal place of business in this District; and because a substantial portion of the property that is the subject of this action, namely Sugar Bear's intellectual property is situated within this District.

## Venue

7.    Venue is proper as to Verbena in this district under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims herein occurred in this District; a substantial part of property that is the subject of this action is situated in this District; and because Verbena subject to personal jurisdiction in this District.

### Factual Background

8.    Sugar Bear is in the business of, inter alia, (1) marketing and selling vitamins and vitamin preparations and dietary and nutritional supplements (collectively, "vitamin products") and (2) providing online retail store services featuring vitamin products in interstate commerce.  Sugar Bear generally markets and sells its vitamin products through not only its website at sugarbearhair.com, but also through various online marketplace and ecommerce websites as well as on various online social media sites.

9.    Sugar Bear adopted its SUGARBEARHAIR standard character trademark, () SUGAR BEAR HAIR special form trademark



BEAR design trademark (                    ) in 2015 to identify its online retail store services and/or a line of vitamin products- including a Hair Vitamin formulation, a Women's Multi-Vitamin Formulation, and a Sleep Vitamin Formulation- and to

distinguish its vitamin products from other products on the market.  Since that time, Sugar Bear has continuously used its trademarks in commerce in connection with the marketing, selling and performing of Sugar Bear's retail store services and certain vitamin products and has acquired substantial goodwill in connection with its use of these SUGAR BEAR HAIR related marks.

10.     Sugar Bear is the owner of a federal trademark registration for each of these SUGAR BEAR HAIR related marks in connection with online retail store services and/or vitamin products (more fully described in the certificates of registration attached hereto).  Federal registration number 4,985,290 relates to the SUGARBEARHAIR standard character trademark for both online retail store services and vitamin products, federal registration number 5,085,512 relates to the SUGAR BEAR HAIR special form trademark for both online retail store services and vitamin products, and federal registration number 5,033,503 relates to the BEAR design trademark for vitamin products.

11.     Sugar Bear's federal trademark registrations are valid and subsisting. A copy of the registrations are attached to this pleading as **Exhibit A** and hereby incorporated by this reference.

12.     Sugar Bear's SUGARBEARHAIR standard character trademark and SUGAR BEAR HAIR special form trademark registrations are generally prima facie evidence of Sugar Bear's exclusive right to use and authorize the use of the

SUGAR BEAR HAIR related marks in commerce in connection with vitamin products and/or online retail store services.

13.     The words which define SUGARBEARHAIR standard character trademark, and which comprises the literal element of the SUGAR BEAR HAIR special form trademark, namely "Sugar Bear Hair" creates a single and distinct commercial impression that describes vitamin products or online retail store services offered by Sugar Bear under those marks.

14.     Sugar Bear has enjoyed considerable success and is well known as the source of origin of vitamin products and online retail store services to consumers from Florida and from other states under the SUGAR BEAR HAIR related marks. Indeed, Sugar Bear's Hair Vitamin formulation is the #1 bestselling hair vitamin online since 2016 and is well known as the world's first gummy vegetarian hair multivitamin.

15.     Sugar Bear owns rights in Florida and throughout the United States in and to the SUGAR BEAR HAIR related marks for vitamin products and online retail store services which are superior to any rights which Verbena may claim in and to said marks in any form or style.

16.     In 2021, Sugar Bear became aware that Verbena was, inter alia, selling, offering for sale, and advertising a vitamin product online, through websites accessible in this District, using the packaging, branding, and an appearance that

was identical to the packaging, branding, and an appearance used by Sugar Bear in selling its Hair Vitamin formulation.  A true and correct copy of current Sugar Bear product listings from Verbena's website, beautyvice.com, is attached to this complaint as **Exhibit B**, and incorporated by this reference.

17.    Purchases made through Verbena's online listings resulted in a delivery of vitamins that were packaged and branded in a manner that was identical to what is used for Sugar Bear's Hair Vitamin formulation and were sent from Bodega Nueva Verbena Products, 2365 NW 70 Ave, Unit C10, Miami FL 33122.

18.    Verbena's sale, offering for sale, and advertising of a vitamin product having the packaging, branding, and an appearance that is identical to the packaging, branding, and an appearance used by Sugar Bear in selling Sugar Bear's Hair Vitamin formulation constitutes fraud.  Verbena's vitamin products are not manufactured, distributed, or otherwise offered by Sugar Bear, or done so with the permission of Sugar Bear.  Sugar Bear has not authorized Verbena to use, in any way, Sugar Bear's decorative bottle or Sugar Bear's trademark name, designs and vitamin appearance (e.g., the SUGAR BEAR HAIR related marks).  Verbena is in no way affiliated with Sugar Bear.

19.    By using packaging, branding, and an appearance that is identical to the packaging, branding, and an appearance used by Sugar Bear in selling its Hair Vitamin formulation, Verbena is passing itself off as a representative, agent and/or

partner of Sugar Bear.   Verbena is intentionally creating the appearance that Verbena's vitamin products are the same as those offered by Sugar Bear.

Sugar Bear's Women's Multi-Vitamin Formulation Product

Verbena's fraudulent women's multi-vitamin product[1]





---

[1] Actual bottle received from Verbena.

Sugar Bear's Sleep
Vitamin Formulation Product

Verbena's fraudulent sleep
vitamin product[2]





20.    Customers who encounter Verbena's unauthorized uses of Sugar Bear's SUGAR BEAR HAIR related marks in association with the sale of Verbena's fraudulent vitamin product are likely to believe that Verbena and its fraudulent vitamin product are sourced from, approved by, associated with, and/or affiliated with Sugar Bear when, in fact, that is not the case.

21.    Defendant's use of Plaintiff's trademark name, designs and vitamin appearance, as well as its use of an imitation of Plaintiff's decorative bottle, to sell

---

[2] Actual bottle received from Verbena.

and advertise and its fraudulent vitamin product has occurred and continues to occur with at least constructive notice of Plaintiff's trademark rights by virtue of Plaintiff's federal trademark registrations.

22.    On information and belief, Verbena's use of Sugar Bear's trademark name, designs and vitamin appearance, as well as its use of an imitation of Sugar Bear's decorative bottle, to sell and advertise and its fraudulent vitamin product was done with full knowledge of SUGAR BEAR HAIR related marks and has been a willful, intentional, and deliberate course of action designed specifically to trade upon the goodwill associated with Sugar Bear's SUGAR BEAR HAIR related marks.

23.    By using Sugar Bear's trademark name, designs and vitamin appearance, as well as its use of an imitation of Sugar Bear's decorative bottle, to sell and advertise and its fraudulent vitamin product, Verbena has and/or is attempting to unfairly profit from the name, reputation, and advertising of Sugar Bear.

24.    Verbena's use of Sugar Bear's trademark name, designs and vitamin appearance, as well as its use of an imitation of Sugar Bear's decorative bottle, to sell and advertise and its fraudulent vitamin product which is offered in competition with Sugar Bear's Hair Vitamin formulation, causes the likelihood of confusion, mistake or deception as to whether its fraudulent vitamin product are sponsored,

affiliated, or approved by Sugar Bear or whether Sugar Bear's Hair Vitamin formulation is affiliated or associated with Verbena. Such conduct by Verbena deprives Sugar Bear of the ability to control the quality of the goods marketed under the infringed marks, and, instead, places Sugar Bear's valuable reputation and goodwill into the hands of Verbena, over whom Sugar Bear has no control.

25.     Verbena has made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

26.     The goodwill of Sugar Bear for vitamin products and online retail store services that has been acquired under its SUGAR BEAR HAIR related marks is of significant value, and harm to such goodwill is irreparable.

27.     Sugar Bear has been and will continue to sustain damages which include lost income, profits, and business opportunities as well as irreparable harm to its business, reputation, and goodwill as a direct and proximate result of Verbena's actions.

28.     Sugar Bear has no adequate remedy at law for the acts of infringement and other unlawful acts complained of herein and such acts have caused and will continue to cause damage and irreparable injury to Sugar Bear if Verbena is not restrained by this Court from further violations of Sugar Bear's rights.

29.     Verbena's actions will continue unless enjoined by this Court.

30.     Sugar Bear has retained the law firm of Kopelowitz Ostrow PA to represent its interest in these proceedings and is obligated to pay the firm a reasonable attorney's fee and court costs, which fees and costs are recoverable from Verbena under federal and state law.

## COUNT I
## TRADEMARK COUNTERFEITING UNDER 15 U.S.C. §1114

31.     Sugar Bear incorporates by reference the allegations contained in Paragraphs 1 through 32 above as if fully alleged herein.

32.     Verbena, without authorization from Sugar Bear, has used and is continuing to use spurious designations that are identical to, or substantially indistinguishable from, Sugar Bear's the SUGARBEARHAIR standard character trademark, the SUGAR BEAR HAIR special form trademark, and the BEAR design trademark in connection with the sale of vitamin products.

33.     Verbena adopted, has used, and is continuing to use the SUGARBEARHAIR standard character trademark, the SUGAR BEAR HAIR special form trademark, and the BEAR design trademark in connection with the sale of vitamin products with full knowledge or a willful blindness of Sugar Bear's ownership of these marks and with the deliberate intention to trick consumers into thinking Verbena's vitamin products are those of Sugar Bear's so as to unfairly benefit from the incalculable goodwill inherent in the Sugar Bear's SUGAR BEAR HAIR related marks.

34.     Verbena's use of spurious designations that are identical to, or substantially indistinguishable from Sugar Bear's registered marks makes Verbena's products look like Sugar Bear's and thus creates a likelihood of consumer confusion, mistake or deception as to at least the source of Verbena's products.

35.     Verbena's counterfeiting is causing and are likely to continue to cause substantial injury to the public and to Sugar Bear.  Sugar Bear has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages.

WHEREFORE, Sugar Bear demands judgment as set forth in the Prayer for Relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Sugar Bear demands the following relief against Verbena:

a)  an entry of judgment declaring that Verbena has engaged in trademark counterfeiting in violation of the Lanham Act;

b)  a preliminary and permanent injunction which enjoins Verbena, its agents, servants, employees, successors and assigns and all others in concert and privity with it, from using the SUGARBEARHAIR standard character trademark, the SUGAR BEAR HAIR special form trademark, and the BEAR design trademark, or any confusingly similar mark or designation, in connection vitamin products, online retail services and/or any products

and services which would reasonably be thought by the buying public to come from Sugar Bear;

c) an entry requiring Verbena to file with the Court and provide to Sugar Bear an accounting of all sales and profits realized as a result of Verbena's infringing, counterfeit and diluting actions;

d) an award of special and general damages in an amount to be determined during the course of the action for (1) all profits received by Verbena from sales and revenues of any kind made as a result of Verbena's counterfeit and diluting actions and all damages suffered by Sugar Bear, and (2) the costs and reasonable attorney's fees expended by Sugar Bear in this action.

e) an entry declaring this case as exceptional, trebling said damages and awarding reasonable attorney's fees due to the egregious nature of Verbena's acts;

f) an entry requiring Verbena to immediately identify to Sugar Bear each of their manufacturers, distributors, suppliers, website operators through whom Verbena has offered infringing products, and all others with whom they do business, and provide to each a copy of the Court's injunction order, and otherwise inform them in writing that they must immediately cease, upon pain of contempt of the Court, the manufacturer, distribution, marketing, advertising, and sale of any vitamin products using Sugar Bear's trademarks, or any confusingly similar trademark;

g) an entry requiring Verbena to deliver up for destruction all packaging, literature, advertising and other material in its possession custody and/or control that displays any mark belonging to Sugar Bear, along with all means of making or producing the same, and remove all of its material that displays any mark belonging to Sugar Bear from the Internet;

h) an entry (1) requiring Verbena to immediately identify to Sugar Bear every purchaser of a product that displays any mark belonging to Sugar Bear that was sold and every purchaser of a product that was purchased on a webpage that displayed any mark belonging to Sugar Bear and/or (2) directing such other relief as the Court may deem appropriate to prevent consumers and public in general from deriving the erroneous impression that any product manufactured, sold or otherwise circulated or promoted by Verbena is authorized by Sugar Bear or related in any way to Sugar Bear's products or services;

i) an entry requiring Verbenat to file with this Court and serve on Sugar Bear's counsel within thirty days after the entry of an order, a report, in writing under oath, setting forth in detail the manner and form in which they have complied with the terms of the order and judgment herein; and

j) such other and further relief as the Court may be just and proper.

## **JURY DEMAND**

Sugar Bear hereby demands a jury trial on all issues so triable as a matter of right.

Respectfully submitted on this 22nd day of April, 2022,


**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
*Attorneys for the Defendants/Counter-Plaintiff*
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300


By: /s/ Alexis Fields
ALEXIS FIELDS
Florida Bar 95953
fields@kolawyers.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served upon all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on this 22nd day of April, 2022.

**KOPELOWITZ OSTROW**
**FERGUSON WEISELBERG GILBERT**
*Attorneys for Defendants/Counter-Plaintiff*
One West Las Olas Blvd., Suite 500
Ft. Lauderdale, Florida 33301
Telephone No.: (954) 525-4100
Facsimile No.: (954) 525-4300

By:  */s/ Alexis Fields*
    ALEXIS FIELDS
    Florida Bar No.: 95953
    fields@kolawyers.com